BLEWETT v. THE WYANDOTTE, KANSAS CITY & NORTHWESTERN RAILWAY COMPANY, *Appellant.*

1. **Railroad**: EVIDENCE IN ACTION FOR KILLING STOCK. In an action against a railroad company for killing a cow, there was evidence to show that the cow was found beside the defendant's track, torn and mutilated, and that there was blood and cow's hair on the track near by. *Held,* sufficient to warrant the court in submitting to the jury the question how the animal came to her death.

2. **Damages**: HARMLESS ERROR IN INSTRUCTION. If the verdict is warranted by the evidence, this court will not reverse because the trial court incorrectly declared the rule of damages.

3. **Practice**: ORDER OF ARGUMENT. The order of argument is a matter to be regulated by rule of court. Where plaintiff's counsel, being entitled to make the opening address to the jury, declines to do so, it will not be error of which the defendant can complain if the court refuses to allow his counsel to close.

4. **Railroad**: DOUBLE DAMAGE ACT CONSTRUED. It is not necessary to recovery, in an action for the killing of stock founded on the 43rd section of the railroad law, (R. S., § 809,) to show that three months have elapsed since the completion of the road at the place where the killing occurred.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*James Scammon* for appellant.

*Rathbun & Shewalter* for respondent.

HENRY, J.—The plaintiff alleged in his statement that a locomotive of defendant, passing over its road, ran against and killed a cow of plaintiff, at a place on defendant's road which, by law, the defendant was bound to fence. On the trial there was a verdict for plaintiff for $65, and judgment thereon, from which defendant has appealed, and contends that there was no evidence tending to establish the allegations in the statement. The evidence was that the cow was found on the side of

defendant's track, with one of her hind legs broken, her hips badly torn, and a portion of her entrails protruding, and that there was blood and cow hair on the track, near the place where the cow was found. This warranted the court in submitting the case to the jury.

Appellant also complains that the court declared an improper rule of damages. The evidence as to the value

2. DAMAGES: harm-less error in instruction.

of the cow, was contradictory. It was variously estimated at from $30 to $100, and the instruction declared that, if the jury found for plaintiff, " they should assess his damages at whatever sum they may believe he has sustained by such killing, not to exceed the amount claimed in his statement of his cause of action." There was no evidence to warrant vindictive damages, and the jury should have been instructed, if they found for plaintiff to allow the value of the cow, etc. The instruction was objectionable; but as the evidence introduced of the market value of the cow warranted the jury in finding that value to have been $65, we cannot see that the defendant has been injured by the instruction, and the error will not, therefore, justify a reversal of the judgment.

Counsel for appellant complains that plaintiff's counsel, at the trial, waived his opening address to the jury,

3. PRACTICE: order of argument.

and that defendant's counsel thereupon claimed the right to close the argument to the jury, which the court refused. It does not appear that plaintiff's counsel did make the closing argument; but however that may be, it was a matter to be regulated by the rules of court, and whether there was any rule of court, or not, on the subject, there was nothing in the action of the court of which defendant has any right to complain. He had only to decline an address to the jury, to compel plaintiff's attorney to open the case to the jury, or forego his right to a closing speech.

Nor is there any support in the law for the position, that plaintiff could not recover, without proving that three

4. RAILROAD: dou- months had elapsed since the completion of
ble damage act
construed. the road where the cow was killed, when
such killing occurred.   Section 43, chapter 63, General
Statutes, makes the company liable for any cattle killed
by its train of cars, at places therein designated, until
fences, gates, etc., shall have been made by the corporation,
and the clause of the section relied upon by appellant does
not limit, or restrict that liability, but simply authorizes the
owner or proprietor of the land, etc., to erect such fences,
etc., if not done by the company within three months after
the completion of its road through such lands, fields, or
enclosures.   The judgment is affirmed, all concurring.