FRED KELTENBAUGH, Respondent, v. ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1889.

1. **Amendment: JURISDICTIONAL FACT.** It is settled law that, upon an appeal from a justice of the peace, an amendment averring a jurisdictional fact may be made in the circuit court.

2. **Amendment: CONTINUANCE.** Upon the making of an amendment by the plaintiff, the defendant is not necessarily entitled to a continuance of the cause. Where there was no showing that the defendant was taken by surprise by the amendment, that it was not ready for trial, that its unreadiness arose from the amendment or that it had a meritorious defense, there was no abuse of the court's discretion in refusing a continuance.

3. **Evidence:** KILLING STOCK ON RAILWAY. Direct proof of a collision between the defendant's locomotive and the plaintiff's steer killed, is not required to sustain a recovery of damages, when such collision may be inferred from the facts and circumstances developed by the evidence.

4. **Evidence:** RUNNING OF TRAINS: OWNERSHIP OF RAILWAY. It cannot be said that there was no evidence tending to prove that at the time when the plaintiff's steer was killed, trains were running on the defendant's railway, or that the defendant was owner of the railway, when the record shows that the cause was tried on an affirmative theory as to those points, that the testimony of all the witnesses manifestly assumed such running of the trains, that the defendant's answer was under the name of the railway company charged, and the defendant made no objection to the plaintiff's testimony that the animal was killed on the railway identified with that name.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*J. J. Russell*, for the appellant.

When suit is brought for double damages against a railroad for killing stock, it must be in the same or an adjoining township. R. S., sec. 2839. This is a jurisdictional fact which must affirmatively appear by the record, and must be not only averred in the statement, but must be proven. *Wiseman v. Railroad*, 30 Mo. App. 516. This being a jurisdictional fact, it is questionable whether it could be amended in the circuit court. But, even if permissible, it was a most material amendment, and the submission should have been set aside. There was no evidence to show that defendant or its trains struck plaintiff's animal. There was no proof that defendant at that time was operating said railroad, nor that it was running any cars or locomotives on it, nor that any train of cars or locomotive had ever at any time passed over that railroad at that point.

There was a total failure of proof.   *Gilbert v. Railroad*, 23 Mo. App. 65.

*Boone & Waide*, for the respondent.

The amendment was properly allowed under section 3060, Revised Statutes, 1879, which says that in all cases of appeal plaintiff's statement of cause of action may be amended in the appellate court to supply any omission or deficiency therein when by such amendment substantial justice will be promoted, etc.   On appeal from a justice's court the statement may be so amended as to allege that the killing occurred in an adjoining township to the one in which suit is brought.   *Mitchell v. Railroad*, 82 Mo. 107.   The courts of this state have repeatedly held that such amendment may be made. *Roland v. Railroad*, 73 Mo. 621 ; *Goddard v. Williams*, 72 Mo. 132 ; *House v. Duncan*, 50 Mo. 453 ; *Beattie v. Hill*, 60 Mo. 72 ; *Kinion v. Railroad*, 30 Mo. App. 573. There was abundant proof to sustain the verdict.   All the witnesses testified that the animal was killed by the railroad, and there was no proof to the contrary. Appellant showed no reason for setting aside the submission after amendment, hence the court did not err in refusing it.   R. S. 1879, sec. 3597 ; *Colhoun v. Crawford*, 50 Mo. 460.

BIGGS, J., delivered the opinion of the court.

This action was begun before a justice of the peace in Tywappity township, Mississippi county, under section 809, Revised Statutes, 1879, to recover double damages for killing a steer on defendant's railway. There was judgment before the justice for plaintiff, and on appeal to the circuit court, the cause was submitted to the judge sitting as a jury, which resulted in a judgment for sixty dollars, double damages, in favor of plaintiff.   No instructions were asked or given.

Defendant contends that the judgment cannot be sustained for the following reasons :

(1)  Because the court, during the trial of the cause, permitted plaintiff to insert by way of amendment an averment in his complaint that Tywappity township was adjoining to Union township.   The evidence tended to prove that the steer had been injured or killed in Union township in said county.

(2)  That the court, after the amendment, should have granted defendant a continuance.

(3)  That there was no evidence of a collision, and that there was no proof that defendant at that time was operating said railroad.

We will notice these objections in the order stated.

I.   The averment that Tywappity township, where the suit was brought, was an adjoining township to Union township, where plaintiff's steer was killed, was a jurisdictional fact.   But that this amendment could be made after appeal to the circuit court is no longer an open question in this state.   The statute ( sec. 3060 ), and the case of *Mitchell v. Railway*, 82 Mo. 106, settle this question beyond dispute.

II.   When the amendment was made, defendant's counsel asked for a continuance, on account thereof, which the court refused.

Section 3597, Revised Statutes, is as follows:  "When a party shall amend any pleading, and the court shall be satisfied by affidavit or otherwise that the opposite party could not be ready for trial in consequence thereof, a continuance may be granted to some day of the same term, or to the next regular term of the court."

The question of continuances rests within the sound discretion of the trial courts, and unless it clearly appears that this discretion has been abused, the appellate court will not interfere.   *State v. Sayers*, 58 Mo. 585 ; *Barthlow v. Campbell*, 56 Mo. 117.

The amendment made by plaintiff to his complaint

did not of itself entitle defendant to a continuance. There was no affidavit filed by defendant, and no proof of any character tending to show to the court that the defendant was taken by surprise by the amendment; that it was not ready for trial, and that defendant's inability to try the case arose from the amendment. Nor did defendant show that it had a meritorious defense to plaintiff's claim for damages. We think it was necessary for defendant to have shown all of these facts in order to have entitled him to a continuance under said section 3597. *Colhoun v. Crawford,* 50 Mo. 458.

III. Counsel for defendant says there was no evidence of a collision, and there was no proof that defendant at the time was operating the St. Louis, Arkansas & Texas railroad.

In order to recover under section 809 for the killing of stock, there must be some proof of actual collision. The evidence on this subject in this case was that the animal was found in a badly crippled condition on the side of the dump of the St. Louis, Arkansas & Texas railroad. That the animal had one horn knocked off, two or three legs broken, and was so badly injured that it could not walk and had to be killed. It was also in evidence that hair, the color of that of the steer, was found on the ends of the ties opposite where the animal was found. Positive proof is not required to establish a collision in cases of this character, but the fact may be inferred from facts and circumstances developed by the evidence. *Halferty v. Railroad,* 82 Mo. 90; *Blewett v. Railway,* 72 Mo. 583. This ruling is reasonable and right. To hold otherwise would, in many cases, amount to an absolute denial of justice.

We think there was evidence tending to prove that at the time plaintiff's steer was killed, trains were running on the St. Louis, Arkansas & Texas railroad, and that the trial court was fully justified in so finding.

All of the witnesses speak of the railroad, where the animal was found, as "The St. Louis, Arkansas & Texas railroad." While there was no direct proof that at the time of the accident, trains were being run on the road, yet the record shows that the case was tried by both plaintiff and defendant on the assumption that *trains* were being run on said road. The witnesses all speak of *trains* in connection with the accident and the railroad. The plaintiff said "that the animal was knocked off the track by *the train.*" He was asked on cross-examination if he *saw the train* strike the animal. He said that he did not, but the fair inference from his testimony is that he heard the train pass, as he was near the railroad at the time. Another witness said, "I did not see *the train* strike the animal, but I was there a very short time afterwards." The cross-examination of the plaintiff's witnesses by defendant's counsel indicates that the fact that trains were being run on said road was a conceded fact. This makes a different case from *Gilbert v. Railway,* 23 Mo. App. 65, cited and relied on by defendant's counsel. In the *Gilbert case* the court decided that there was no testimony that any trains were being run on said road.

The only remaining question in the case is, was there any testimony tending to prove that the defendant corporation was the owner of the St. Louis, Arkansas & Texas railroad. If so, then *prima facie* the road was operated by defendant.

It is true that there was no direct or positive testimony that the defendant corporation was, at the time of the accident, the owner of the St. Louis, Arkansas & Texas railroad. But plenary proof of this fact could hardly be expected or required of plaintiff. The law would only require of him to introduce some testimony which would, in the absence of countervailing proof, raise the presumption that defendant *was* owner of said railroad. The defendant appeared to the action,

defended under the name of the St. Louis, Arkansas & Texas Railway Company, and made no objection to plaintiff's testimony that plaintiff's animal was injured on the St. Louis, Arkansas & Texas railroad. It seems to have been a conceded fact that defendant at the time was the owner of said railroad.

Defendant introduced no proof on the subject to the contrary. In the absence of any countervailing evidence, we think that the trial court did right in finding that the St. Louis, Arkansas & Texas Railway Company was the owner of the St. Louis, Arkansas & Texas railroad.

Finding no substantial error in the record, the judgment, with the concurrence of the other judges, will be affirmed.