JOSEPH HESSE, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1889.

Damages: KILLING STOCK ON RAILWAY. In an action for damages under Revised Statutes, section 809, where there was no evidence, direct or inferential, of any collision between the railway train and the animal, or that the animal died in consequence of the injuries that were apparent upon it, or that there was any depreciation in value of the animal because of such injuries, or that the animal was ever on the track at all, there was no case made for the plaintiff, and the court erred in overruling a demurrer to the evidence.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED.

*George H. Benton,* for the appellant.

There can be no recovery in this case without proof of an actual collision, of which there is no evidence in this case. *Lafferty v. Railroad*, 44 Mo. 291; *Hughes v. Railroad*, 66 Mo. 325; *Seibert v. Railroad*, 72 Mo. 565; *Halferty v. Railroad*, 82 Mo. 98; *Boggs v. Railroad*, 18 Mo. App. 274; *Hoskins v. Railroad*, 19 Mo. App. 96. There was no evidence in this case to warrant the court in submitting it to the jury, and the court

erred in not taking the case from the jury for lack of proof. *Blewett v. Railroad*, 73 Mo. 584. There is not sufficient evidence in this case upon which a verdict for the plaintiff can be based, and the verdict given must be the dictate of prejudice or sympathy and not a just and legal verdict based upon competent evidence.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff in the trial court recovered double damages for the killing of his steer, under the provisions of section 809, Revised Statutes, and the only question presented by the appeal is whether there was any substantial evidence to support the verdict.

The steer was last seen in an uninjured condition in the evening grazing with other cattle on defendant's right of way immediately adjoining the town of Harviel, where defendant had a depot, and at a place where the defendant's roadway was not fenced. Shortly afterwards the warning whistle against cattle of the defendant's engine was heard. Next morning the steer was seen at a distance of about one hundred yards from the railroad, and about three hundred yards from the place where seen the evening before, and was then in an injured condition. The hair was knocked off the hock joints of his hind legs, the flesh was broken there and some signs of fresh blood, but no bone was broken. These were all the injuries shown. Three days afterwards the steer died, but whether from these injuries or not, was not shown. There was no evidence offered of any sign of a collision on the track. The plaintiff's evidence showed the value of the steer to have been twenty dollars, the defendant's evidence showed the value at fifteen dollars. The verdict of the jury was for ten dollars.

There can be no recovery in this state under section 809, *supra*, without proof of an actual collision.

*Lafferty v. Railroad*, 44 Mo. 291 ; *Seibert v. Railroad*, 72 Mo. 565. It was held in *Blewett v. Railroad*, 72 Mo. 583, and other cases, that such collision need not be shown by the evidence of eye-witnesses of it, but may rest on inferential evidence. Taking into consideration the slight injuries to the animal, its position before and after the supposed infliction of the injury, and the entire absence of any evidence of any sign of collision upon the track, or even of the fact that the animal was on the track, and it is evident that the finding of a collision is supported by conjecture only. There is a wide difference between legitimate inference and bare conjecture, and no verdict can be supported by the latter alone.

Nor was there any evidence in this case of the depreciation in value of the animal by the injuries received. There is no evidence whatever that the injuries were sufficiently severe in themselves to cause the death of the animal, or that the animal died in consequence of such injuries. Nor is the jury's finding based on any such theory since the verdict is only for one-half of the value of the animal as proved by plaintiff, and for one-third less even than the value shown by the defendant's evidence. The verdict therefore is unsupported in any view of the evidence, and is obviously the result of mistake or prejudice. The defendant's demurrer to the evidence should have been sustained.

The judgment is reversed. All the judges concur.