CARL COMBS, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Railroads:** STATUTORY ACTION FOR INJURY TO STOCK: PROOF OF COLLISION. While proof of an actual collision is necessary in an action under the statute for double damages for injury to stock by a railway company, it may rest on inferential evidence. And *held*, that the evidence in this cause warranted the inference.

2. ———: EVIDENCE OF VALUE: HYPOTHETICAL QUESTIONS There must be evidence to support a hypothesis, on which a question as to the value of an article is based.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*M. L. Clardy* and *J. J. Russell* for appellant.

*H. C. O'Bryan* for respondent.

ROMBAUER, P. J.—This is an action for double damages for maiming the plaintiff's mare by a collision with the defendant's engine at a place where the defendant was bound to fence, and failed to do so. The mare died in consequence of the injuries received. There was some controversy at the trial touching the age of the mare and her value, witnesses stating her age differently at from eight to sixteen years, and her value at from $75 to $150. The weight of the evidence

was to the effect, that the age of the mare was about thirteen years and her value $125, and the court found for the last named amount in favor of the plaintiff, and doubled the damages under the statute, whereupon the defendant appealed.

Some objections were made to the sufficiency of the plaintiff's statement in the trial court, but no error is assigned here on that account. The errors assigned are that there was no evidence that the township where the cause was instituted and the one where the accident occurred were adjoining, or that the defendant operated the railroad on which the mare was maimed, or that the trains passed over the road on which the mare was maimed; also that the court rejected proper evidence offered by the defendant.

Touching the first two errors assigned, the evidence was the same as that in the case of Harrison against the same defendant *ante*, p. 463, and for the reasons there stated we deem these assignments in the case at bar likewise untenable.

No witness saw the mare struck by an engine or cars, but the plaintiff testified that she was struck on the left hip, *nearly cutting the whole hip off her;* that the wound was of a character which a train of cars would inflict, *and which could not well be done any other way,* and that he judged the cars hit her *from the blood and sign on the railroad and in the ditch.* These facts distinguish the case effectually from *Heese v. Railroad,* 36 Mo. App. 163, where the injuries to the animal were slight, and there was an entire absence of evidence of any sign of collision upon the track. While proof of an actual collision is essential under this statute, such proof may rest on inferential evidence. *Blewett v. Railroad,* 72 Mo. 583. One of the witnesses (Thomas) expressly states that the animal was knocked off the railroad, "was hurt on the road and died from the

effects;" and he was not cross-examined as to the means of his knowledge. Another witness (Doc. Combs) states: "I seen where the sign or the first blood was and tracked it up, and seen her tracks where she went off the track," first having stated that he knew the mare *that was killed by the railroad.* In the absence of all explanation, this evidence was sufficient to warrant the trier of the fact in inferring that the animal was killed by the collision with a train.

The defendant's counsel asked one of the witnesses on cross-examination what the value of the mare was, if she was *fourteen* years old. The greatest age of the mare testified to prior to putting this question was *twelve years and ten months.* The question was objected to on the ground that there was no evidence to support the hypothesis of age. The court sustained the objection, and the defendant excepted and still excepts. The ruling of the court was correct. There must be evidence to support a hypothesis on which a question is based. The witness was immediately thereafter asked the value of the mare, if twelve years and ten months old, and answered the question.

We are asked to affirm the judgment with damages but for reasons stated in our opinion in the case of Harrison against the same defendant, *ante,* p. 463, decline to do so.

Judgment affirmed. All concur.