A. J. HARBESTON, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1896.

Railroads: KILLING OF STOCK: PROOF OF COLLISION. While it must, in an action against a railway company for double damages for the killing of stock, be shown that there was a collision, the proof may be inferential. And *held*, that the evidence in this case on that subject was sufficient to warrant a verdict.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Olden & Orr* for appellant.

*A. H. Livingston* for respondent.

ROMBAUER, P. J.—The plaintiff recovered double damages for the killing of his colt by the defendant's locomotive at a place where the defendant was bound to fence its road, and where the road was unfenced. The only point made on this appeal is that there was no evidence from which the jury could reasonably infer that the colt died in consequence of a collision with the defendant's engine, and, hence, the verdict is unsupported by the evidence.

The evidence adduced by the plaintiff tended to show the following facts: The colt was healthy and in good spirits on the morning of the accident; in the evening it was found at the plaintiff's lot gate lying down and vomiting blood. The place where the colt was lying was about two hundred yards from the railroad. The hair was knocked off between its legs, and its body was badly swollen. After it died, it was cut open and its entrails were found torn and full of clotted blood.

Several witnesses testified that they tracked the colt and its dam to the railroad track, and could discover signs where the dam had crossed, although the colt's tracks were not discernible on the hard ballast of the road; that, near the place where the dam had crossed the track, there was a mark in the railroad bank similar to one left by a falling body, and that the weeds at that place bore marks of a sliding body.

These witnesses also testified that they heard the defendant's locomotive, on the day of the accident, whistle for stock, and that the sound of the whistle apparently came from near the place where the mare had crossed the track.

This evidence, being wholly uncontradicted, warranted the inference by the jury that an actual collision took place between the locomotive and the colt. Counsel for appellant is mistaken in likening this case to *Hesse v. Railroad*, 36 Mo. App. 163. In that case it was not even attempted to be shown that the animal was on, or near, the track, there was no sign of any collision on the track, nor was it shown that the injury was violent, nor even that the animal died in consequence thereof. The verdict in that case rested on bare conjecture. It is well settled, however, that while a collision in these cases must be shown, it may be shown by inferential evidence. *Blewett v. Railroad*, 72 Mo. 583; *Keltenbaugh v. Railroad*, 34 Mo. App. 147.

All the judges concurring, the judgment is affirmed.