JAMES SINCLAIR, Respondent, v. MISSOURI, KANSAS, & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Pleading**: JOINDER OF CAUSES OF ACTION: DEMURRER: ANSWER. Where two causes of action are of the same class they may be joined in one suit but should be stated in separate counts: but where they are blended in the same count the defendant must demur or he waives the joinder if the error appears on the face of the petition; but if it does not so appear, it should be set up in the answer or it will be waived.

2. **Railroads:** KILLING STOCK: GROUND OF LIABILITY: LICENSEE. In an action against a railroad for killing stock on ground of failure to fence, the liability is grounded on the negligence in maintaining the fence: and whether the animal was killed by the owner of the railroad or its licensee, is immaterial.

3. **Evidence:** VALUE OF STOCK: OPINION: HARMLESS ERROR. The value of stock or other marketable commodities is more or less a matter of opinion among dealers therein and actual sales may be more reliable than opinion; and, in an action for the recovery of hogs killed in Howard county, evidence of actual sales at St. Louis and Kansas City may be permitted. But in this case refusal to admit such evidence was harmless error as there was sufficient evidence without it.

4. **Railroads:** KILLING STOCK: COLLISION: EVIDENCE: APPELLATE PRACTICE. Circumstantial evidence that an animal was killed by a collision with a railroad train will support a verdict; and, where the trial court is intrusted with both law and facts, the appellate court will assume the facts to be as found.

5. **Trial Practice:** AMENDMENT TO CONFORM TO THE EVIDENCE: STATEMENT FOR KILLING STOCK. In an action against a railroad for killing stock where two causes of action are blended in one count, as the evidence discloses, the plaintiff may be permitted to amend his petition so as to specify in separate counts the precise dates when such injury occurred, since there was no substantial change of the original cause of action.

6. ———: ———: INSTRUCTIONS: AFFIRMANCE. The instructions in this case are reviewed and *held* proper and the judgment is affirmed as being for the right party.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

*C. B. Sebastian* and *Geo. P. B. Jackson* for appellant.

(1) The court erred in admitting the testimony of plaintiff concerning two distinct causes of action under the first count, and in admitting his testimony, which was mere hearsay and conclusion, and then erred farther in refusing to strike out such testimony on the defendant's motion. (2) The hogs sued for in the first

count were shown to have been killed in different collisions, and therefore there were two distinct causes of action which could not be united in the same count. *Bricker v. R. R.*, 83 Mo. 391. And because the evidence related to killings other than the one described in the first count the plaintiff could not recover on either, and the defendant's first, third, fourth, and fifth instructions should have been given as asked. (3) The court erred in excluding the depositions offered by defendant relative to values .of hogs at the dates of accidents. (4) There was no proof that justified a finding that the hog sued for in the second count of the original petition was struck or injured by an engine or car, and the court therefore erred in refusing defendant's second and fourth instructions. (5) The finding of the court was contrary to the instructions given, and contrary to the evidence. There was no evidence that defendant's engines or trains injured any of the hogs. For this reason the court erred in refusing the first and second instructions asked by defendant. (6) The court erred in permitting the plaintiff to file the amended petition. The amendment did not relate to the same causes of action pleaded in the original petition, but introduced new ones, which can not be done by amendment. R. S. 1889, sec. 2098; *Lumpkin v. Collier*, 69 Mo. 170; *Phillips v. Broughton*, 30 Mo. App. 148; *Sims v. Field*, 24 Mo. App. 557; *Broughton v. R. R.*, 25 Mo. App. 10. The court therefore erred in overruling the. motions for new trial and in arrest.

*Webster Gordon* for respondent.

(1) The appellant waived any and all irregularities or informalities in the petition or of its union of two causes of action in one count by pleading over to the merits. If a defendant pleads to the merits he waives everything in the petition, but two points:

*First*, that the petition does not state facts sufficient to constitute a cause of action. *Second*, that the court has no jurisdiction over the subject-matter of the action. R. S. 1889, sec. 2047; *Paddock v. Somes*, 102 Mo. 235, and cases cited; *Anderson v. McPike*, 41 Mo. App. 330; *Ryors v. Prior*, 31 Mo. App. 561; *Davis v. Gilpin*, 105 Mo. 22. The objection was not taken to the union of two causes of action in one count of petition by special demurrer as required by law, section 2043, Revised Statutes 1889, nor was the objection taken by answer, as required by law, when such matters do not appear upon the face of the petition. R. S. 1889, sec. 2047. (2) The court committed no error in refusing defendant's first and fifth instructions. *Anderson v. McPike*, 41 Mo. App. 330. (3) The proper measure of damages in an action by the owner of animals against a railroad company for killing or maiming them is the difference between the value before the injury and immediately thereafter. *Jackson v. R. R.*, 74 Mo. 526; *Harrison v. R. R.*, 88 Mo. 625; *Lainiger v. R. R.*, 41 Mo. App. 175; *Young v. R. R.*, 52 Mo. App. 530; *Frazier v. Draper*, 51 Mo. App. 163. The court committed no error in sustaining plaintiff's objection to the introduction in evidence of the depositions. (4) There was sufficient and ample proof to justify the finding by the court that the hog sued for in the second count of the original petition and third count of the amended petition was struck or injured by the defendant's engine or cars. It is well settled, however, that while a collision or injury must be shown by the evidence in these cases, it may be shown by inferential evidence. *Harbeston v. R. R.*, 65 Mo. App. 160; *Shepard v. R. R.*, 65 Mo. App. 353; *Fraysher v. R. R.*, 66 Mo. App. 573; *Keltenbaugh v. R. R.*, 34 Mo. App. 147; *Blewett v. R. R.*, 72 Mo. 583; *Combs v. R. R.*, 58 Mo. App. 467. (5) The court committed no error in refusing defendant's

first and second instructions, as they were in the nature of demurrers to all of the testimony in the case. The plaintiff was not bound to show by direct and positive evidence that defendant's engines and trains collided with and killed or injured any or all of these hogs; to entitle plaintiff to recover it may be done by inferential evidence. *Harbeston v. R. R.*, 65 Mo. App. 160; *Keltenbaugh v. R. R.*, 34 Mo. App. 147; *Blewett v. R. R.*, 72 Mo. 583; *Weber v. Ins. Co.*, 35 Mo. App. 524; *Cooper v. Ord*, 60 Mo. 420; *Swayze v. Bride*, 34 Mo. App. 416; *Taylor v. Penquite*, 35 Mo. App. 403; *Krider v. Melner*, 99 Mo. 145; *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Bogges*, 63 Mo. 251. (6) The trial court did not commit error in permitting the plaintiff to file an amended petition at the close of all the evidence in the case, to conform to the facts proven. *Wetzell v. Wagoner*, 41 Mo. App. 509; R. S. 1889, sec. 2098; *Ins. Co. v. Smith*, 117 Mo. 261; *Scovill v. Glasner*, 79 Mo. 449; *Ensworth v. Barton*, 67 Mo. 622; *Collins v. Glass*, 46 Mo. App. 297; *Timber Co. v. Cooperage Co.*, 112 Mo. 389; *Davis v. Ritchie*, 85 Mo. 501.

SMITH, P. J.—This is an action based on section 2611, Revised Statutes, to recover damages for killing three hogs.

The original petition was in two counts, the first of which alleged that at the time of the injury therein complained of the defendant was a legally organized corporation operating a line of railway running through Howard county, in this state, and that on a certain day therein mentioned two hogs of the plaintiff escaped from plaintiff's premises and entered upon defendant's right of way at a point where its railroad runs through inclosed fields, farming and cultivated land, and where the same was not inclosed by a lawful fence, etc., and was struck and killed by a passing train, etc. The

second count differed from the first only as to the description of the hog alleged to have been injured, the date of the happening of the same and the amount of damage claimed. The answer of the defendant admitted that it was a corporation engaged in operating a line of railroad as alleged in the plaintiff's petition and denied every other allegation contained in either count thereof.

There was a trial before the court, a jury being dispensed with. The plaintiff had judgment and defendant appealed.

During the progress of the trial the plaintiff testified that the two hogs described in the first count of his petition were not killed at the same PLEADING: joinder of causes of action: demurrer: answer. time or in the same collision, and thereupon the defendant moved the court to strike out all of his testimony relating to the killing of such hogs on the ground that the injuries happened at different times and by different trains and constitute different causes of action which could not be properly united in one count. The injuring of each of the hogs on different occasions constituted distinct causes of action. These causes of action being of the same class could all be joined in one suit but each loss or injury should have been stated in a separate count. *Bricker v. R'y*, 83 Mo. 391. The statute, section 2043, Revised Statutes, provides that the defendant may demur to the petition when it shall appear upon the face thereof that several causes of action have been improperly united. But when such objection does not appear upon the face of the petition it may be taken by answer but if not taken either by demurrer or answer it shall be deemed waived. R. S., sec. 2047.

Accordingly it has been ruled in this state that when it appears that two different causes of action are blended in the same count the defendant must make

his objection based on that ground by demurrer and if he answers over, such objection will be deemed waived. *Thompson v. School District*, 71 Mo. 495. And so, too, it has been ruled that when the objection does not appear on the face of the petition and the defendant does not set it up by answer he will be presumed to have waived the same. *Walker v. Deaver*, 79 Mo. 665; *Horskotte v. Minier*, 50 Mo. 160. In *Elfrank v. Seiler*, 54 Mo. 134, it is said that: "There are *only two* things under our liberal system which are fatal to a suit, and these are, *first*, that the petition does not state facts sufficient to constitute a cause of action, and, *second*, that the court has no jurisdiction over the subject-matter of the suit. And the fatality as to the first instance cited may be obviated so far as concerns a formal sufficiency by amendment, but if the pleader refuse to amend, defeat awaits him. Aside from this fatal defect in the pleading the pleader has nothing to fear. His petition, however inartificially drawn, if it but state a cause of action is, unless objections are made by demurrer or answer, as valid to all intents and purposes as though prepared by the most skillful hand. For unless objections are made in the manner above stated they are deemed waived." It is conceded the first count of the petition stated a good cause of action, and it must therefore inevitably result that the action of the court in refusing to strike out evidence adduced on the ground previously stated must be upheld.

II. The defendant further objects that whatever proof there was tending to show any killing of the plaintiff's hogs was to the effect that it was done by the Missouri, Kansas & Eastern Railway Company. Whether this is another name by which the defendant was commonly known in the locality of the injuries or whether

RAILROADS:
  killing stock:
  ground of liabil-
  ity: licensee.

there is a different and independent railway corporation running its cars over the defendant's track the record gives no information. It is in effect conceded that the *locus in quo* was on the line of the defendant's railway and that the evidence was sufficient to authorize the finding of the court that the defendant had failed to perform its statutory duty in respect to erecting and maintaining fences on the sides of its right of way at the point where the plaintiff's hogs escaped from his premises and entered upon such right of way. Indeed, the pleadings admit that the defendant is a railroad corporation operating its railroad in this state along and through the cultivated land of the plaintiff and at the place where it had neglected its duty in respect to fencing its right of way as already stated. If, as insisted by the defendant, the evidence tends to prove that the plaintiff's hogs were struck and injured by the trains of the Missouri, Kansas & Eastern Railway Company while the same were being run over the track of the defendant this was sufficient to establish the defendant's liability for the injuries complained of. The defendant's liability could be established either by proof that the hogs were struck by its own cars or those of the Missouri, Kansas & Eastern Railway Company. The legal effect would be the same in either event. The primary liability of defendant arises out of its conceded neglect to perform a statutory duty in respect to the fencing of its road. A reference to what is said in *Price v. Barnard* (decided at the present term), *McCoy v. Railway*, 36 Mo. App. 445, and *Price v. Railway*, 65 Mo. App. 649, will render a further discussion of this point of objection superfluous.

III. The defendant objects further that the court erred in its action refusing to permit it to read in evidence the certain depositions tending to prove the value

of similar hogs to those injured in the markets at St.
Louis and Kansas City at the date of the
several injuries.   The court should prob-
ably have permitted the reading of these
depositions.   Proof of the actual sales in
the market of hogs similar to those killed by defendant
was admissible to establish the value of the plaintiff's
hogs at the time they were killed.   This was, however,
not the only way the value could be established.   The
rule is that upon the question of the value of property,
real or personal, and as to the amount of damages done
to it, parties shown by the evidence to be acquainted
with the value or damage may, in connection with the
facts, state their opinion as to value or damages.
*R'y v. Calkins*, 90 Mo. 538; *Young v. R'y*, 52 Mo. App.
530.   The value of hogs or any other marketable com-
modity is necessarily more or less a matter of opinion
among dealers in such property.   Actual sales may be
more reliable evidence of the market price, but experts
may be allowed to give their opinions based on either
actual sales at the time and place or on general obser-
vations and experience.   *Cantling v. R'y*, 54 Mo. 385.
The plaintiff's witnesses, without objection, testified
their opinion as to the value of the hogs.   Their testi-
mony was ample to sustain the finding of the court as
to values.   It does not appear that the offered depo-
sitions tended to prove directly or inferentially that the
plaintiff's hogs were of less value than they were shown
to be by the testimony of the plaintiff's witnesses.   It
does not, therefore, appear that the defendant was in
any way prejudiced by the action of the court.   As far
as we can discover from anything presented by the
record before us the error, if such it was, was harmless.

IV.   We think the evidence was sufficient to
authorize a submission of the case to the jury.   It is

*Margin note: EVIDENCE: value of stock: opinion: harmless error.*

Sinclair v. M., K. & T. R'y Co.

*RAILROADS: killing stock: collision: evidence: appellate practice.* true that there was no testimony of any eyewitness to the collision in which the plaintiff's hogs were injured, but there are circumstances detailed in evidence which leave no reasonable ground to doubt that they were so killed. Circumstantial evidence that an animal was killed by a collision with a railroad train will support a verdict for plaintiff. *Combs v. R'y,* 58 Mo. App. 467.

It has been repeatedly declared by the supervisory courts of this state that when the trial court has been intrusted with both facts and law, as in this case, they will assume the facts to be as the court found them. *Swayze v. Bride,* 34 Mo. App. 416; *Taylor v. Penquite,* 35 Mo. App. 403; *Hamilton v. Boggess,* 63 Mo. 251; *Gains v. Fowler,* 82 Mo. 509.

V.   At the conclusion of all the evidence the plaintiff asked and obtained leave to file an amended petition. In conformity to such leave he filed an amended petition containing three separate counts, in each of which was charged a distinct injury and damage.

*TRIAL practice: amendment to conform to the evidence: statement for killing stock.* The two hogs alleged in the first count of the original petition to have been killed in the same collision were alleged in the first and second counts of the amendment to have been injured on different occasions. The statute, section 2098, Revised Statutes, confers upon the trial courts the power at any time before final judgment in furtherance of justice to correct a mistake in any pleading or to amend the same so as to make it conform to the facts proved, provided the amendment does not change substantially the claim or defense. The plaintiff's several causes of action arose out of the defendant's continuous breach of its statutory duty. The actionable negligence or the proximate cause of the injuries as alleged is the same in both petitions. The consequences flowing out of and resulting to the plaintiff from such negligence is

also the same.   But there is a difference between the two as to the dates when the plaintiff was injuriously affected by such negligence.   It seems to us clear that the action of the court in permitting the plaintiff to so amend his petition as to specify in separate counts the precise dates when each injury occurred so as to make the allegations of his petition conform to the proof was a proper exercise of discretion by the trial court under the statute.   Manifestly there was no substantial change of the original cause of action, which was the negligence of defendant in respect to its fences and certain consequences resulting therefrom.

VI.   No instructions were asked or given for plaintiff.   The court, at the instance of defendant, and on its own motion, gave several instructions for defendant embodying the theories upon which it disposed of the case, and which, we think, were substan- tially correct. Some of those refused were rendered inapplicable by the amendment of the plaintiff's petition whilst others were substantially the same as those given by the court on its own motion.

We think the judgment is clearly for the right party, and that it should be affirmed.   All concur.