NELSON, Respondent, v. ST. LOUIS & SAN FRAN-CISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 9, 1909.

**RAILROADS: Fences: Killing Stock: Prima-Facie Case.** In an action against a railroad company under section 1105, Revised Statutes 1899, for killing the plaintiff's sow on account of the failure of the railroad company to fence its right of way at a point where the law required it to make such fence, the evidence is examined and held sufficient to make out a prima-facie case showing that the death of the animal resulted from a collision with a train; the fact of a collision in such case need not be proven by positive and direct testimony, it may be established from other collateral facts and a showing of the circumstances surrounding the situation.

Appeal from Wayne Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*W. F. Evans* and *James Orchard* for appellant.

*O. L. Munger* for respondent.

NORTONI, J.—This is a suit for double damages alleged to have accrued to the plaintiff by the killing of a brood sow owned by him on the defendant's railroad. Plaintiff recovered and defendant appeals. The suit proceeds under section 1106, Revised Statutes 1899 (sec. 1106, Mo. Ann. St. 1906), which requires railroads to maintain lawful fences on either side of their right of way, in default of which double damages are awarded for stock killed on the tracks where a fence is required and none maintained. It appears to be conceded in the case that the railroad had failed to fence its tracks at the point in question. It is likewise conceded that such point was not within the limits of any city or town in this State, nor within the switch limits of any station, nor was the animal killed at the crossing of either a public or private road. In other words, it is, conceded that the point at which the animal was killed was one where the law affixed the duty upon the railroad company to erect and maintain a fence.

The only question in the case is as to whether or not there was substantial evidence tending to prove that the sow was on the railroad track and received the injuries from which she died by a collision with a train. It appears that plaintiff, a farmer, resided at the time within one-fourth of a mile from the point the hog was killed, on defendant's railroad; that the hog was running at large, and he had not seen her for some three or four days. Upon investigation, he had found her dead under a pile of driftwood on the bank of Otter Creek, about one hundred and forty feet from the end of defendant's trestle over that stream. The left hind

leg of the sow had been severed in some manner and she had an injury about the head as well. It appears the railroad, during every day of time, operated several trains over its road at the point in question. No one saw the animal upon the track, nevertheless one or two hog tracks were discovered near the end of the defendant's trestle. It also appears that while there was no blood upon the rail, blood was found to be on the track near the end of the trestle-work. At that point, the road passed along an embankment about eight or ten feet in height. This embankment was very steep, and there was an indication that something had been rolled down the same near the end of the trestle. Between the bottom of this embankment and the place where the hog was discovered dead, appeared hog tracks, indicating the animal to have travelled from a point near the foot of the embankment where she had fallen, to the driftwood, where she died. It appeared too, she had dragged what is described as the stump of her severed leg, in the sand. This, of course, tended to identify the tracks mentioned with the particular hog in question. We believe these facts and circumstances in evidence tend to prove the animal was upon the track and that she was injured from a collision with defendant's train.

Counsel for defendant argues that even though the sow was found with her leg severed and an injury on her head, within one hundred and forty feet of the track at the end of the trestle, and even though it appeared something had been rolled or thrown down the railroad dump at the point in question, there is no evidence tending to prove that she was upon the track or that there was an actual collision with defendant's train. It is insisted that although it appears the sow walked or dragged herself from the foot of the dump to the place where she died, this does not tend to prove that she had been upon the track. We agree that these facts of themselves might be insufficient for the purpose of establishing the fact of a collision. But counsel over-

looks the testimony that there were hog tracks between the rails of the railroad and that although blood was not found on the rail, blood was found on its track, indicating that a collision had been had with some animal. We copy from plaintiff's testimony questions and answers as follows:

"Q. What did you find at the end of that trestle of which you spoke? A. I found blood, sir. . . .

"Q. By Court: When was it you discovered this blood at the trestle? A. Sunday, right after noon. . . . Sunday afternoon was when I went up after the shoats and when I got down and came up on the east side and found this blood and tracks."

The fact that hog tracks appeared, tended to prove that some hog had been upon the track and the blood found on the track at the end of the trestle near where something had been rolled or thrown to the foot of the dump, indicated that a collision was had with an animal at that point. Plaintiff's sow, discovered afterwards one hundred and forty feet from that point, showed the marks of a collision, and there were indications that she had dragged herself from the foot of the dump to the point where she died. It is certainly true that there must be testimony in this class of cases tending to prove a collision with the defendant's railroad train, and where there is neither evidence nor circumstances affording a reasonable inference to that effect, the case should be withdrawn from the jury. [Hesse v. St. L. I. M. & S. Ry. Co., 36 Mo. App. 163.] However this may be, the fact of a collision need not be proven by positive and direct testimony. Like any other fact in a suit at law, it may be established from other collateral facts and a showing of circumstances surrounding the situation. If these afford sufficient basis for a reasonable inference to the effect that the animal received injury from a collision while on the track, the question of liability is one for the jury to determine. [Halferty v. Wabash R. R. Co., 82 Mo. 90.]

In Blewett v. Wyandotte, etc., Ry. Co., 72 Mo. 583, the evidence tended to prove that the plaintiff's cow was found on the side of defendant's track with one of her hind legs broken, her hips badly bruised and other injuries, and that there was blood and cow hair on the track near the place where the cow was found. Our Supreme Court declared this sufficient evidence to refer the question of a collision with the defendant's train, to the jury.

We find substantial evidence from which a collision may be inferred. The judgment is affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.