JOHN COLHOUN & Co., Respondents, *v.* M. CRAWFORD & Co., Appellants.

1. *Practice, civil — Pleading — Amendments — Continuance — Judgment. —* The filing of an amended petition or answer does not of itself entitle the opposite party to a continuance. In order to entitle such party to a continuance, not only should the court be satisfied that he could not be ready, and that his inability arises from the amendments, but it must also appear that he has a meritorious defense to the claim shown by the new matter as well as to the original pleading.

2. *Practice, civil — Pleading — Rules of court contradicting or exceeding statute should not be enforced. —* A rule of court which contradicts or exceeds the statute should not be enforced.

3. *Practice, Supreme Court — Damages. —* Where an appeal is clearly made for the sole purpose of gaining time, the judgment of the court below will be affirmed, with ten per cent. damages.

Colhoun et al. v. Crawford et al.

*Appeal from Buchanan Court of Common Pleas.*

*Hill & Carter,* for appellants.

I. The judgment was rendered in the absence of respondents or their attorneys, for want of answer, when, under the law and established rules of the court, defendants were allowed until the next succeeding term of said court in which to file answer; and in that particular the judgment was against the law.

II. It is agreed between plaintiffs and defendants that the following is one of the rules of the said Circuit Court: "Rule 1—Amendments. 1. Every material amendment after answer to the pleadings amended, and every supplementary petition, answer, or reply, after answer to the original, made or filed by either party, shall be cause for the continuation of the cause until the next term, if desired by the opposite party; and on such continuance, the party amending or filing shall pay the cost of that term." This was a known and established rule of the court at the time the application for a continuance was overruled. When the petition is amended and a new cause of action is or may be set up, the continuance ought to be granted. (Tunstall v. Hamilton, 8 Mo. 500; Dempsey v. Harrison, 4 Mo. 267.)

*Everett & Reed,* for respondents.

Under our present practice the party seeking a continuance on the ground of an amendment must show cause why he cannot be ready to proceed with the trial. (Wagn. Stat. 1040, § 10; Whittelsey's Pr. 347.) No "cause" was shown "by affidavit or otherwise," and none appeared by the record. It was claimed by defendant's counsel as a matter of right, to be granted as a matter of course.

This court decided, in 3 Mo. 124, that motions for a continuance are addressed to the sound discretion of the trial courts. And this court must see that this discretion has been unsoundly exercised before it will reverse a judgment for that cause. (8 Mo. 606.)

This appeal was obviously taken for the mere purpose of delay, and the reasons assigned are the most trifling. Ten per cent. damages should therefore be awarded. (45 Mo. 422–429.)

BLISS, Judge, delivered the opinion of the court.

Suit was brought upon two promissory notes, and in the original petition the plaintiffs failed to allege their partnership and that of defendants. Defendants demurred and plaintiffs had leave to amend, which was at once done by inserting the omitted allegations and filing the petitions anew. Defendants then applied for a change of venue from the Common Pleas to the Circuit Court, and obtained leave in said court to answer, but not answering, interposed several motions which were overruled, and the court permitted the plaintiffs to file an amended petition *instanter*, containing in the body of it the interlined allegations. Defendants then moved for a continuance of the cause because of such amendments, but the court overruled the motion, and no answer being filed, gave judgment by default.

The chief error assigned is the refusal of the court to grant a continuance. Some eight months had elapsed since the plaintiffs were entitled, under the statute, to a judgment in the Common Pleas. No defense upon the merits had been set up, and every step seems to have been for delay merely. In consequence of the omission of a formal allegation it had become necessary for plaintiffs to amend their petition, and the amendment was irregularly made. Taking advantage of this irregularity, after having removed the cause to another court, the action of defendants made it necessary for the plaintiffs to file an amended petition; but this of itself did not entitle them to a continuance. The statute (Wagn. Stat. 1040, § 10) provides that "where a party shall amend any pleading or proceeding, and the court shall be satisfied by affidavits or otherwise that the opposite party could not be ready for trial in consequence thereof, a continuance may be granted to some day in the same term, or to another term of the court." Defendants do not pretend to bring themselves within this section; do not allege that they could not be ready for trial in consequence of the amendments; do not even put the allegations in issue, and had no shadow of claim to a continuance. Not only should the court be satisfied that the party could not be ready for trial, and that his inability arises from the amendment, which implies that he wishes to put in issue the new facts embraced in

Brown v. The Hannibal & St. Joseph R.R. Co.

such amendment, but it should also appear that he has a meritorious defense to the claim shown by the new matter as well as by the original pleading.

Counsel rely upon a rule of the Circuit Court which provides that every material amendment after answer to the pleading amended, is cause for continuance. This rule stretches the statute, and, so far as it contradicts or goes beyond it, should not be enforced. But, even if valid, the defendants do not bring themselves within it, for they have never answered. The term "answer," to make it at all consistent with the statute, must mean an answer to the merits, and such answer has never been made.

This appeal is so clearly made to enable the defendants to get further time upon their debt, that the plaintiffs are entitled to an affirmance and to the ten per cent. damages claimed by them. The other judges concur.