J. O. PIFER, Respondent, v. A. S. STANLEY, Appellant.

Kansas City Court of Appeals, April 9, 1894.

1. **Justices' Courts:** APPEAL. Where the transcript is filed in the circuit clerk's office within eight days after the trial in the justice's court the appeal is taken in time.

2. ———: ———: DEFECTIVE AFFIDAVIT: WAIVER. Though the affidavit for an appeal from a justice's court be informal and defective, yet if the appellee appear and go to trial on the merits, without objection, the defects are waived.

3. **Trial Practice:** AMENDED STATEMENT: SURPRISE: CONTINUANCE. The action of the trial court in refusing a continuance on account of the amendment of plaintiff's statement is approved, as the amendment could not work a surprise.

4. **Evidence:** INCOMPETENT BUT HARMLESS. Certain evidence though irrelevant is not thought of sufficient importance to warrant a reversal.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*John S. Haymes* and *Levi Engle* for appellant.

(1) This cause will have to be reversed and not remanded, for the reason that the circuit court nor this court acquired jurisdiction, there being nothing in the record showing that the affidavit for an appeal from the justice's court was filed within the time provided by law. *Kelm v. Hunkler,* 49 Mo. App. 664; *Green v. Castello*, 35 Mo. App. 127. But if this objection be overcome jurisdiction is still wanting for the affidavit for appeal from the justice is wholly insufficient. *Spencer v. Beasley*, 48 Mo. App. 97; *Whitehead v.*

*Cole,* 49 Mo. App. 428; *Robinson v. Walker,* 45 Mo.
117. (2) A continuance should have been granted.
R. S. 1889, secs. 2123, 2128; *Calhoun & Co. v. Crawford
& Co.,* 50 Mo. 458. (3) The court erred in admitting
evidence of the treatment of Rodericks' child. It was
foreign to case and tended to mislead.

*D. M. Rush, Geo. T. Edmisson* and *J. W. Mil-
ler* for respondent.

(1) An appeal from an inferior court will be pre-
sumed to have been taken within the time required by
law, when the record shows nothing to the contrary.
*Feurth v. Anderson,* 87 Mo. 354; *City of Kansas v.
Clark,* 68 Mo. 588. (2) The insufficiency of the affi-
davit for an appeal from the justice's court does not
concern the jurisdiction of the appellate court. The
filing of the affidavit is merely a prerequisite to the
granting of the appeal by the justice, and the granting
of the appeal carries jurisdiction to the appellate court,
even though the affidavit may be defective. *Myers v.
Woolfolk,* 3 Mo. 187, s. p. 348; *Crum v. Ellison,* 33 Mo.
App. 591; *Bridge and Construction Co. v. Railroad,* 72
Mo. 664. Upon the return of the justice being filed in
the clerk's office the court shall be possessed of the
cause. R. S., 1889, sec. 6339. If the affidavit
is not sufficient it may be amended in the cir-
cuit court. R. S., 1889, sec. 6040; *Spencer v.
Beasley,* 48 Mo. App. 97. Proceedings which are
amendable are not void. The very fact that the
affidavit can be amended shows *ex vi termini* that the
proceedings are merely irregular and that the court has
jurisdiction. *Hardin v. Lee,* 51 Mo. 241. The courts
have held that an *appeal* from the justice's court, not
taken in time, is absolutely void. *Robinson v. Walker,*
45 Mo. 117; *Bauer v. Cabanne,* 11 Mo. App. 114;

*Peareon v. Carson*, 69 Mo. 569. And no amendment can be made in the appellate court so as to confer jurisdiction—but not so where the affidavit is merely insufficient in form. *Manion v. State*, 11 Mo. 578; *Myers v. Woolfolk, supra; Plummer v. Wilson*, 21 Atl. Rep. 322; *Douglass v. Neguelona*, 14 S. W. Rep. 283; *Cogswell v. Hogan*, 23 Pac. Rep. 835. Since this is not a question of jurisdiction, the defendant should have filed his motion to dismiss in the circuit court; then, had the plaintiff refused or neglected to amend, the cause could have been stricken from the docket; but the defendant by neglecting to raise the question of the insufficiency of the affidavit in the court below, can not be heard to complain for the first time in this court. *Smith v. Marks*, 55 Mo. 106; *Kearney v. Railroad*, 15 Mo. App. 576, (3) & (4). (3) The court did not err in permitting plaintiff to file amended petition and reply, since the cause of action was not changed thereby. R. S. 1889, sec. 6347; *Hanson v. Kelley*, 20 Mo. App. 595; *Nanz v. Railroad*, 87 Mo. 278; *Sprague v. Follett*, 90 Mo. 547; *Eubanks v. Pope*, 27 Mo. App. 463; *Lee v. Dunn*, 29 Mo. App. 467; *Scovill v. Glasner*, 79 Mo. 449. However, defendant can not now be heard to complain, after going to trial on the merits. *Hubbard v. Quessenberry*, 36 Mo. App. 459; *Scovill v. Glasner, supra*. It follows from the above that a continuance was properly refused upon defendant's affidavit.

GILL, J.—The plaintiff, a practicing physician, sued the defendant for $25 for professional services in treating the eyes of one of defendant's children. On a trial in the circuit court, where the case was taken by appeal from a justice of the peace, the plaintiff had judgment and the defendant appealed.

There is nothing in the dual objection to the

jurisdiction of the circuit court on the alleged grounds, *first*, that the record failed to show that the appeal from the justice was taken within the statutory limit, and, *second*, the affidavit for appeal was insufficient.

As to the first point, it appears that the cause was tried before the justice on February 10, 1893, and the record shows that all the papers were lodged by the justice in the circuit clerk's office on February 18, 1893. This was in less than ten days from the rendition of the judgment before the justice and is therefore within the time provided by statute. And as to the further point, to wit: the insufficiency of the affidavit, in that it did not state whether the appeal was taken from a judgment on the merits or on motion to tax costs, it appears that the defendant appellee went to trial on the merits without interposing any objection to the affidavit for appeal, and we hold, as was decided in *Pearson v. Gillett*, 55 Mo. App. 312, that the defendant thereby waived all such defects in the affidavit for appeal from the justice.

When the cause reached the circuit court the plaintiff filed an amended statement, and thereupon defendant applied for a continuance which the court denied. This is now complained of. The statute in this regard provides, that "when a party shall amend any pleading or proceeding, and the court shall be satisfied, by affidavit or otherwise, that the opposite party could not be ready for trial in consequence thereof a continuance may be granted," etc. R. S. 1889, sec. 2128. The court evidently held that the amendment to the plaintiff's statement was not such as to take the defendant by surprise, or such that would deprive the defendant of a fair trial if the cause was proceeded with, and we think the trial judge was clearly correct. The amendment was unimportant, and to award a continuance on account thereof would

have been trifling with justice.   It is not every amendment to a pleading that will justify a continuance of the case; it must be such a change therein as warrants the belief "that the opposite party could not be ready for trial in consequence thereof."   *Keltenbaugh v. Railroad*, 34 Mo. App. 147; *Calhoun v. Crawford*, 50 Mo. 458.   There was then no error in forcing the defendant to trial on the amended petition.

We have examined in detail the evidence and noted the several objections to some portions thereof, and find no substantial grounds for reversal on account of the admissions of improper testimony.   The testimony of the witness Roderick as to the manner and success with which the plaintiff treated his (Roderick's) child for "cross-eyes" was, it must be admitted, irrelevant and doubtless incompetent.   Still we do not think it of sufficient importance to warrant a reversal.

The instructions to the jury seem to have been fair; there was ample evidence to justify the verdict; and all considered, the judgment should be affirmed. So ordered.   All concur.