## Proctor Taylor et al. v. Henry Felsing.

1. MASTER AND SERVANT—*Duty as to Machinery.*—The law requires the master to use reasonable diligence to provide safe machinery for the use of a servant and to exercise a like degree of diligence in keeping it so.

2. PLEADING—*Omission of Legal Duty.*—It is sufficient to allege facts which disclose an omission of a legal duty. It is not essential that the omission should be expressly denounced as negligence.

3. NEGLIGENCE—*Continuing in Dangerous Service on Promises.*—A servant may continue in the employment a reasonable time to permit the performance of a promise to remedy defects in the machinery or appliances without being guilty of negligence, the risk being assumed by the master, who is responsible for any injury that may occur by reason of a failure to comply with his promise and his legal duty, unless the danger of continuing is so imminent that no one not utterly reckless of his safety would attempt it.

Taylor v. Felsing.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Adams County; the Hon. Oscar P. Bonney, Judge, presiding. Heard in this court at the May term, 1895.     Affirmed.   Opinion filed December 6, 1895.

*Special findings held not inconsistent:*

(2.)  Was it not dangerous for a person to climb up or down said space or passage where the plaintiff was injured while said gearing of cog wheels was in motion?  A.  Yes.

(3.)  Do you find from the evidence that it was hazardous and dangerous for said Henry Felsing to attempt to climb up or down said space or passage where he was injured, without stopping said gearing of cog wheels, or causing them to cease to revolve?  A.  No.

(5.)  Do you find from the evidence that the plaintiff, at and before the time of his injury, knew that said gearing of cog wheels was uncovered and unguarded?  A.  Yes.

## Statement of the Case.

The action below was a case by the appellee to recover damages for the loss of his right hand and wrist while in the employ of the appellants.

The cause was submitted to the jury upon the second count in the declaration, the material allegations being appellant was operating a steam flouring mill, wherein he had certain machinery and appliances for receiving, cleaning and elevating wheat; that appellee was in his employ and charged with the duty of operating such machinery; that there was placed, kept and maintained on the main shaft which turned the gearing of certain cog wheels, a certain contrivance called a clutch pulley with a lever attached, by means of which said shaft and cog wheels could be and were thrown out of gear, and would and did cease to run or revolve, at the pleasure of the plaintiff, and thereby all danger to life or limb from said cog wheels could be and was averted. * * * And that the plaintiff was required by defendants, while so in their employment, to go and pass along the certain space or passage between said gearing of cog wheels and said wall of said basement, and to climb to and from said basement floor into and from said space or passageway, to and in order to clean and clear out said conduits, pipes, etc., when so clogged and choked as aforesaid; that when it

became necessary for plaintiff to clean and clear said conduits, pipes, etc., from clogging and choking, he could, by means of said clutch pulley, when it was on said main shaft, throw said shaft and gearing of cog wheels out of gear and stop them from revolving, and then climb up into said space or passage and clean and clear said conduits, pipes, etc., so that the wheat might freely pass through the same; that afterward and on, to wit, August 1, 1892, said clutch pulley was out of repair, so that it became necessary to remove the same, and it was then removed from said main shaft, temporarily, to the end that it might be properly repaired, and a stiff pulley was temporarily put on said main shaft in the place and stead of said clutch pulley, and until said clutch pulley should be repaired and replaced, and said stiff pulley was used by defendants in causing said shaft and gearing of cog wheels to run and revolve, and that by said stiff pulley said shaft and gearing of cog wheels could not be thrown out of gear and caused to cease to revolve; that the removal of said clutch pulley and the substitution for the same of said stiff pulley rendered the service of plaintiff in cleaning said conduits, pipes, etc., more hazardous than it had theretofore been; and thereupon plaintiff repeatedly and shortly before the injury, objected to defendants about the absence of said clutch pulley from said machinery, and the use of said stiff pulley in place thereof; and repeatedly, and shortly before said injury, requested defendants to have said clutch pulley replaced on said machinery and said stiff pulley removed; and defendants promised plaintiff to have said clutch pulley replaced on said machinery, and have said stiff pulley removed; and that plaintiff, relying on said promise, continued in his said service and in the performance of the duties thereof for a reasonable time, to permit the performance of said promises on the part of said defendants, etc.    *    *    *

And in describing just how the accident happened, it is further alleged: "And plaintiff then and there, while in the exercise of ordinary care for his own safety, climbed up into said space or passage between said gearing of cog wheels and said west wall of said basement, and then and there cleaned

out and cleared out said conduits, pipes and spouts and freed the same from such clogging and checking, so that the wheat might freely pass through the same and said mill continue to be supplied with wheat, and thereupon, then and there, and while in the exercise of ordinary care for his own safety, necessarily attempted to climb down from said space or passage between said gearing of cog wheels and said wall of said basement, and while in the exercise of such ordinary care, his foot accidentally slipped, and he was thereby then and there thrown with his right arm in and upon, and his said right arm was then and there caught in said gearing of cog wheels, whereby plaintiff's right hand, wrist and arm up to within four inches of the elbow, was crushed and severed from his body, etc.

Defendants demurred to said amended second count, but their demurrer was overruled by the court.

Afterward the general issue was pleaded and a trial had before a jury.

The jury rendered a verdict in favor of the plaintiff and assessed his damages at $2,600.

The defendants at the proper time requested the court to submit to the jury seven particular questions of fact, but the court only submitted three of them, and refused to submit the other four; and the jury when they rendered their general verdict, also returned into court their special findings on the questions so submitted to them.

The court overruled defendant's motion for judgment for defendants upon said special findings of the jury, notwithstanding the general verdict.

Motions by defendants for a new trial, and in arrest of judgment, were also overruled by the court, and defendants appealed to this court.

J. F. CARROTT, attorney for appellants.

GOVERT & PAPE, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.
A careful examination of the evidence has convinced us

the jury were warranted in finding the allegation of the declaration proven.

The objection the count does not charge appellants with negligence is without force.

The law required the master to exercise reasonable diligence, to provide safe machinery for the use of a servant and to exercise like degree of diligence to keep it safe.

The allegation of the declaration is, appellants removed the "clutch pulley" and thereby rendered the machinery unsafe and did not replace it within a reasonable time, though they repeatedly promised to do so.

It is sufficient to allege facts which disclose an omission of legal duty, and is not essential the omission be expressly denounced as negligence. 2 Thompson on Neg., 1246; Zjednocjedie v. Sodeckie, 41 Ill. App. 339.

It is urged it appeared from the evidence, appellee was aware of the danger which attended the execution of the work of cleaning the spout in the mode he adopted while the cog wheels were in motion; that he voluntarily undertook to perform the work and must be held to have assumed the danger, and that he did not act with ordinary prudence in going above the wheels while they were in motion, and for these reasons was precluded from recovering. The only way to open the spouts was to go above the cog wheels as the appellee did. The operation was attended with danger only when the cog wheels were in motion. But the master had removed the appliance devised and used for the purpose of stopping the wheels when such work was to be performed, and as the jury found, and as we read and accept the proof, had repeatedly promised appellee to replace it.

Appellee continued to perform the work in the usual manner under a reasonable expectation these promises would be complied with, and he enabled to control the motion of the wheels.

The rule in such cases is, a servant may continue in the employment a reasonable time to permit the performance of the promise without being guilty of negligence, the risk being assumed by the master, who is responsible for any injury that may occur by reason of his failure to comply with

his promise and his legal duty, unless the danger of continuing in the service and performing the task is so imminent no one not utterly reckless of his safety would attempt to perform it. Anderson Pressed Brick Co. v. Sobkowiak, 149 Ill. 573; Missouri Furnace Co. v. Abend, 107 Ill. 44.

The evidence brings the case at bar within this rule and the jury were expressly and correctly instructed with regard to it. They did not regard the probability of receiving injury, by continuing to do the work, so imminent or great as to justify the conclusion only a reckless person would attempt to perform it.

It is urged other means were provided whereby appellee could have stopped the cog wheels. First, by means of an appliance called the " friction clutch;" second, by using the belt tightener; third, by removing the belt with stick.

It however clearly appeared this clutch was not intended for the purpose and that its use would have stopped the movement of all the machinery used for scouring and cleaning the wheat for the space of near an hour.

It was frequently necessary to clean the spouts, in order that the grain could pass—often two or three times in one day.

The use of the " friction clutch " for the purpose in question, would have thus interfered with the delivery to the burrs of the requisite quantity of wheat, thus delaying the operation of the mill, and the jury were warranted in concluding, this would not have been permitted by appellants.

It was clear it was not appellants' intention or desire the " friction clutch " should be so used, and that it was not practicable to use it for that purpose. The evidence tended to show appellee would have been discharged had he insisted upon applying this " clutch " each time when it became necessary to go above the cog wheels to keep the spouts in order.

It appeared the " belt tightener " could not be operated by one man, and that no one was furnished to assist, nor was any one at hand in the basement to whom appellee could apply for such assistance, and further, it appeared if the belt was thrown from its place by the belt tightener or by a stick the aid of two or more men was required to replace it.

Altogether it was manifest it was impracticable to stop the cogwheels by means of the "belt tightener," or by throwing off the belt with a stick, and also that the master did not expect or intend such course should be pursued.

Moreover we can not say but the jury were warranted by the proof in concluding he would not have permitted such course to have been adopted.

The "clutch pulley" was especially contrived for that purpose, and the appellants no doubt intended to replace it in fulfillment of the promise but neglected to do so.

The appellee relying upon the promise continued to discharge his duty and was injured thereby.

The risk thereby incurred was not assumed by him as incident to his employment, but devolved upon the master because of his promise and the duty imposed upon him by law in the premises.

Authorities relied upon by appellant do not in our view assert a contrary doctrine, but only the well recognized general principle that obvious dangers which a servant voluntarily enters upon are impliedly assumed by the servant.

Instruction No. 4, given for appellee, may be in a measure open to the criticism it assumes the machinery was defective. That the "clutch pulley" was necessary to render the machinery reasonably safe was fully proven and not contested.

That it was removed and the machinery thereby to that extent not reasonably safe, was well established and not questioned. It is not error to assume as true a fact proven, and not denied, but admitted.

The argument the machinery in question was not defective, and therefore the instruction was erroneous, is hypercritical.

Practically, the machinery, lacking a clutch pulley, was defective.

The court gave nineteen instructions at request of appellant and refused eighteen others asked in the same behalf.

Those given advised the jury fully as to the law of the case, indeed were more favorable to the appellants than the facts of the case warranted.

The complaint as to the refused instructions is, the sixth, twelfth, and twenty-seventh ought have been given. We think not. The rule a master assumes the risks occasioned by the use of insufficient and defective machinery which he is under promise to make safe is ignored in each of them.

The appellant requested the court to require the jury to return seven special findings.

We think all of them might well have been refused, as they only called for findings as to evidentiary facts.

Three, however, were submitted and answered.

It is complained that the findings returned by the jury are inconsistent.

Appellants regard the answers returned to the second and fifth questions consistent, and favorable to them. The second finding is, it was dangerous for a person to climb up and down as the plaintiff did while the cog wheels were in motion, and the fifth that the plaintiff knew at and before the time of his injury the cog wheels were uncovered. These facts the appellee admitted, in fact his case proceeded upon the theory they were true.

The question upon which the case turned was not whether the performance of the work while the cog wheels were in motion was free from danger, but whether the danger was so apparent and probable as to render the undertaking reckless.

The appellants had assumed the ordinary hazards of the undertaking unless the risks were such as only one indifferent as to his personal safety would voluntarily encounter.

The jury did not regard the undertaking as free from danger, and so specially found, but they did not feel warranted in saying no one but a reckless person would endeavor to perform it. They thought a reasonably prudent man, relying upon a promise that all possible danger would be soon removed, would not refuse to perform the work for a short interval in the meantime. The special findings were not, therefore, inconsistent with the general verdict.

We think the judgment right upon the merits, and the record free from error of reversible character.

The judgment is affirmed.