KEETON et al., Respondents, v. ST. LOUIS & MERA-MEC RIVER RAILWAY CO., Appellant.

St. Louis Court of Appeals, December 12, 1905.

1. **PLEADING: Amendment: Negligence.** In an action for damages on account of personal injuries, where the petition stated facts which constituted a breach of the defendant's duty to the plaintiff, which breach resulted in the damage, though the term "negligent" was not used to describe the act complained of, the petition was sufficient to authorize an amendment by interlining the word "negligent."

2. **CONTINUANCE: Amendment of Pleading.** The amendment of a pleading does not entitle the opposite party to postponement of the trial as a matter of course; the court must first be satisfied by affidavit or otherwise that by reason of the amendment the party asking a continuance cannot be ready for trial.

3. **PRACTICE: Excessive Verdict.** Where, in an action for personal injuries, the plaintiff, a woman, was shown to have suffered a nervous shock, that she was at times in a semi-comitose condition and was under the treatment of a doctor for several months up to the time of the trial; that the extremity of her spine was permanently injured causing nervous disorder; that she was in bed four or five weeks, unable to move; that previous to the accident she was in perfect health, a verdict for twenty-five hundred dollars was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Jefferson Chandler* and *T. M. Pierce* for appellant.

The trial court erred in allowing to amend. The power to amend by interlineation is a limited power, and not equivalent to the general power to amend after sustaining a demurrer. Defendant claims that plaintiff invoked the law of amendment by interlineation, and not the law governing amendments generally by filing a new petition. A petition which stated no cause of action did not give jurisdiction to the trial court to force a trial thereon. Nor did it give juisdiction to the trial court to allow a new suit by interlineation. Defendant was prejudiced by such amendment. 69 Mo. 281; 27 Mo. 167; 72 App. 74; 71 App. 73; 61 App. 75; 6 App. 451; 102 Am. St. 959. Under the privilege or amending the court should not allow a new and wholly different case to be made. Shields v. Barlow, 17 Hun. (U. S.), 130; 21 U. S. 409-416. An amendment cannot form the substance itself of the pleading. An amendment cannot be allowed which would in effect amount to the institution of a new suit, and by an amendment inaugurate a suit, either as to parties or cause of action. Land Co. v. Elkins, 20 Fed. 545; Goodyear v. Bourn, 14 Fed. 214; Rowell v. Garvin, 66 Hun 305; Worcester, 19 Peck 376; Haines v. Pearson, 107 Mo. App. 484. If an amendment be allowed contrary to law the discretion of the court is not called in operation. 1 Enc. Pl. Pr., 531. Defendant claims that if said amendment was permissible at all it was entitled to a continuance of the case under sections 668 and 688, R. S. 1899, after the trial court had adjudged that the petition failed to state facts sufficient to constitute a cause of action. McMurray v. Martin, 26 Mo. App. 437; Pence v. Gabbert, 70 Mo. App. 201. The court erred in not sustaining appellant's motion for judgment on the pleadings. Defendant was entitled to have its motion for judgment on the pleadings sustained. Renfroe v. Price, 22 Mo. App. 403. Pleadings absolutely void should be dismissed. Hardin v.

Lee, 51 Mo. 241; Rosenheim v. Hartsock, 90 Mo. 557; Burnett v. Cluey, 92 Mo. 230; Avery v. Good, 114 Mo. 290. Plaintiff allowed the court to adjudge that his petition failed to state a cause of action. Plaintiff was thereby out of court after adverse judgment on that particular pleading. An amendment cannot be made for the purpose of curing defective process, or to give that court jurisdiction which, before amendment had none. Huff v. Shepard, 58 Mo. 252; Pat. Code Pldg., sec. 945.

*M. B. Levy* and *Barclay, Shields & Fauntleroy* for respondents.

The petition was surely sufficient, as against defendant's motion for judgment on the pleadings. Such a motion is certainly no better than a demurrer. State ex rel. v. Hardware Co., 109 Mo. 118; Cofer v. Riseling, 153 Mo. 633. The petition stated a good cause of action, whether the car was started willfully or negligently. It was not necessary for the petition to say expressly that defendant acted "negligently" (as the trial court required). The facts alleged show that the sudden starting of the car (in the circumstances described) was a breach of defendant's duty to Mrs. Keeton as an intending passenger, and it was requisite only to state the facts as plaintiffs did. The whole theory of the Code is that a "plain and concise" statement of facts shall be made. If defendant acted as charged in this petition it acted at least negilgently, if not worse. It was not necessary to plaintiffs' cause of action to use the word "negligently." R. S. 1899, sec. 592; Taylor v. Felsing, 63 Ill. App. 624; Clark v. Dyer, 81 Texas 339; Aurora v. Cox, 43 Neb. 727; Winifred v. Railroad, 71 Vt. 48; Penn. Co. v. Marion, 104 Ind. 239.

STATEMENT.—Appeal from a judgment for $2,500 in favor of the plaintiffs in an action for personal injuries sustained by one of the plaintiffs, Sarah M. Keeton.

The other plaintiff is her husband. The accident occurred April 22, 1904, at Manchester and Tamm avenues, in the city of St. Louis. At one o'clock in the afternoon of that day, Mrs. Keeton, who wished to take passage on one of defendant's eastbound cars, took a position near the southeast corner of said avenues; the usual point for embarking. Several other persons were at the same spot for the same purpose and all of them except Mrs. Keeton succeeded in getting on the first car that came along. She was holding an infant in her arms. To board the car she placed her foot on the step and grasped the guardrail with her right hand, holding the child on her left arm. While she was in that position the conductor, who was inside the car, gave the signal to the motorman to start, the car was started suddenly and threw Mrs. Keeton down and across the waiting platform where she had been standing. She was knocked unconscious, but revived afterwards and got home with assistance. The next day a physician was called. He found an injury to the coccyx or lowest bone of the spine, but was unable to tell whether it was a fracture or a sprain. He treated it as a fracture, keeping plaintiff in a plaster cast for ten days. There was tenderness across the lower part of the back in the region of the kidneys, suppression of urine and a discolored spot about the size of the hand, on her back. Plaintiff suffered great pain and her right leg could not be bent without causing distress. She was in bed three or four weeks and was visited by the physician thirty-five times. She suffered from nervous shock and an ailment resembling nervous prostration followed the injury. Sometimes she was in a semi-comatose condition and unable to recognize the physician. In testifying as to whether the injury would be permanent the doctor said it had continued to the time of the trial; several months after the accident. He also said the coccyx seemed to be permanently injured. Neurosis or nervous trouble followed the injury to the spinal column, he said; and

further, that immediately after the accident there appeared to be internal injuries. Mrs. Keeton swore that she was in bed four or five weeks; that her back was hurt so she could not move for weeks; that she could not turn in bed; that she was nervous, restless and suffered pain; that previous to the accident she was a perfect woman, but since her health was poor and she was nervous. She was twenty-six years old at the time of the trial.

The material allegations of the petition, except as regards the injuries, are as follows:

"Plaintiffs further state that, April 22, 1904, between 12:30 and 1:00 o'clock p. m., said plaintiff, Sarah M. Keeton, intending to take passage on one of the eastbound cars of defendant's said line, was at or near the southeast corner of Manchester and Tamm avenues in said city, at the usual place where said defendant at that time received on board its said cars persons wishing transportation on defendant's said line. Several other persons were at the same place at the same time, and when car No. 180 of defendant's said line, eastbound, approached said place where said persons and said plaintiff, Mrs. Keeton, were standing for the purpose of entering said car of defendant, the agents and servants of defendant in charge of said car responded to the evident wish and request of said plaintiff and of said other persons to enter said car, and consequently said car was by defendant's said agents and servants, caused to be halted for the purpose of permitting said plaintiff, Mrs. Keeton, and other persons, to get upon said car in order to be transported thereon as passengers, and thereby said defendant by its agents assented to receive and accept said plaintiff, Mrs. Keeton, then and there as a passenger for hire on said car. Said Mrs. Keeton, the plaintiff, was ready and willing to pay on demand the fare required by defendant (as a common carrier) for passage on said car then and there. While said car was at rest as afore-

said for the purpose of permitting said plaintiff to enter said car to be carried as a passenger, as aforesaid, and while said plaintiff, Mrs. Keeton, was in the act of mounting the step of said car with reasonable diligence and care for herself and for her infant child, which she was at the time carrying and which was visible to any one observing said plaintiff, and which child could have been seen by defendant's said agents and servants in charge of said car by ordinary care on their part, the said agents of defendant, or one of them in charge of said car, *negligently* caused the said car to suddenly start forward, before plaintiff had reasonable time to get into a position of safety upon said car, or upon said step thereof, and in consequence of said sudden start of said car, said plaintiff, Mrs. Keeton, was thrown from said car and caused to fall upon the platform adjacent to defendant's track (on which platform said plaintiff had been standing previous to her attempt to board said car as aforesaid)."

The defendant filed an answer consisting of a general denial and the plea that Mrs. Keeton's injuries were caused by her own negligence. To this answer a reply was filed in which each and every allegation of new matter contained in the answer was denied. Defendant moved for judgment on the pleadings, which the court overruled and an exception was saved. Before the jury was called defendant's counsel directed the court's attention to the motion for judgment; and after considering the matter, the court held the petition was insufficient to state a cause of action. Thereupon plaintiff's counsel asked leave to amend by inserting the word "negligently" in the petition at the place where it will be found printed in italics.

GOODE, J. (after stating the facts.) —The petition is said to state no cause of action because it does not characterize the alleged culpable acts of the defendant as either negligent or willful. This omission is ar-

gued to prevent the pleading from stating a case for either a negligent or willful tort. It is true that until the petition was amended, the acts of the defendant were not denounced by the epithet "negligent;" but the stated facts constituted a breach of the defendant's duty to Mrs. Keeton, which breach resulted in damage; and the petition imports a want of ordinary care on the part of the car crew. It is alleged that the car was stopped to receive her as a passenger and started while she was in the act of getting on and when by ordinary care, they could have seen the child in her arms. It is good pleading to state acts of a defendant which constitute a breach of duty, and aver they were negligently done. Negligence is the gist of the action, but there is authority for the proposition that where the acts alleged warrant the presumption of a negligent breach of duty, it is unnecessary to charge formally that they were negligently done. [2 Thompson, Negligence, p. 1246, sec. 26; Dyer v. Railroad, 34 Mo. 127; Wabash County v. Pearson, 120 Ind. 456; Louisville, etc., Ry. v. Wood, 113 Ind. 544; Louisville, etc., Ry. v. Thompson, 107 Ind. 442; Taylor v. Felsing, 63 Ill. App. 624; Clark v. Dyer, 81 Tex. 339.] In the case of Louisville, etc., Ry. v. Wood, a petition in all respects like the one before us was approved. The argument for the defendant is that the presumption of willfulness on the part of the carmen in starting prematurely may be as readily drawn from the facts stated as the presumption of negligence. The entire thought of the petition is negligence. To constitute a willful tort, the operatives must have been aware of Mrs. Keeton's position and have started the car regardless of whether she would be hurt or not. Such indifference to human life happens too rarely to be inferred from the facts alleged. The natural inference is that the car was started too soon through the conductor's want of proper vigilance to see that all who were waiting to take passage were safely aboard. But starting the car while plaintiff was known to be in the act of

boarding it would present a case for damages and, hence, on that view, a cause of action was stated. We rule, therefore, that the original petition sufficiently charged a cause of action to be amended; though the better way is to characterize the breach of duty counted on, as negligence.

Complaint is made that defendant was refused a continuance after the petition was amended. Amending a pleading does not entitle the opposite party to a postponement of the trial of the cause as a matter of course. The court must be satisfied by affidavit, or otherwise, that in consequence of the amendment said party could not be ready for trial at the time previously appointed. [R. S. 1899, sec. 688; Colhoun v. Crawford, 50 Mo. 458; Keltenbaugh v. Railroad, 34 Mo. App. 147.] The facts do not call for a ruling that the circuit court abused its discretion in refusing a continuance.

The verdict is said to be excessive. We have set forth in the statement the substance of the testimony regarding the extent of Mrs. Keeton's injuries and sufferings. In our opinion the damages sustained are not so clearly in excess of the compensation to which she is entitled that this court ought to interfere with the verdict after it has received the approval of the trial court.

In arguing for the sufficiency of the petition, plaintiff's counsel insist that many recent rulings on pleadings under the code have been so technical as to cause a celebrated jurist, now deceased, to turn in his grave. In answer defendant's counsel declare they have no clairvoyant or psychical communication with the celebrated deceased and are, therefore, unable to refute the painful announcement concerning him, made by plaintiff's counsel. The court is likewise without occult information on the subject and, as at present advised, must leave the point undetermined.

The judgment is affirmed. All concur.